UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 22-114 (JNE/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Isaac Rene Moran, | |
| Defendant. | |

Joseph Scott Teirab, Esq., United States Attorney's Office, counsel for Plaintiff.

Kevin W. DeVore, Esq, DeVore Law Office, P.A., counsel for Defendant Moran.

This action is before the Court on various pretrial motions filed by the Government and Defendant Jimenez. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (no later than the first hearing on pretrial motions) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert

testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (no later than the first hearing on pretrial motions) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 16)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

    2.       **Defendant's Motion for Disclosure of *Brady* Materials.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government represents that it will fully comply with its *Brady* obligations. Defendant's Motion for Disclosure of *Brady* Materials **(Doc. No. 17)** is **GRANTED**. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp.

1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio*[1] information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

---

[1] *Giglio v. United States*, 405 U.S. 150 (1972).

3. **Defendant's Motion for Disclosure of Rule 404(b) Evidence.**

Defendant moves for the notification of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to provide such disclosure no later than two weeks prior to trial. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure two weeks prior to trial. Defendant's Motion for Disclosure of Rule 404(b) Evidence **(Doc. No. 18)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **two weeks** prior to trial.

4. **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).**

Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial, as well as other information pursuant to Fed. R. Crim. P. 16(a)(1)(G), and seeks such disclosure no later than two weeks prior to trial. The Government agrees to comply with Rule 16 and requests providing Rule 16 information **30 days** before trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 19)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

5. **Defendant's Motion for Early Disclosure of Jencks Act Materials.**

Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material no later than

two weeks prior to the commencement of trial. The Government opposes the motion, but volunteers to provide the defense with Jencks Act materials no later than three days prior to trial. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 20)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary disclosure of Jencks Act material no later than three days prior to trial as the Government volunteered to do.

6. **Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses.** Defendant moves for pretrial disclosure of grand jury testimony of any witness who will testify at the suppression hearing or trial. The Government states that it will provide grand jury transcripts for any witnesses it intends to call at the motions hearing or at trial. Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses **(Doc. No. 21)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Jencks Act precludes disclosure, the motion is denied. However, as stated above, nothing precludes the Government from voluntarily producing the grand jury transcripts of trial witnesses before trial, as it has represented it would do.

7. **Defendant's Motion for Government Agents to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not

5

oppose the motion. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 22)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

   8.   **Defendant's Motion to Suppress Evidence.** Defendant has filed a motion to suppress any evidence obtained as a result of a stop and search of Defendant's vehicle on December 20, 2021. The Government opposes the motion. At the hearing, the Court received an exhibit and testimony on the issue. The parties request post-hearing briefing. Defendant shall file his post-hearing brief no later than **September 23, 2022**, and the Government shall file its response by **September 30, 2022**. The Court will take Defendant's Pretrial Motion to Suppress Evidence **(Doc. No. 23)** under advisement on **September 30, 2022**, and issue a **Report and Recommendation** to the District Court.

   9.   **Defendant's Motion to Dismiss Indictment.** Defendant has filed a motion to dismiss the Indictment. Defendant argues any evidence obtained as a result of the stop and search of Defendant's vehicle on December 20, 2021, should be suppressed, and if suppressed, then the Indictment should be dismissed. The Government opposes the motion. The parties request post-hearing briefing. Defendant shall file his post-hearing brief no later than **September 23, 2022**, and the Government shall file its response by **September 30, 2022**. The Court will take Defendant's Motion to Dismiss Indictment **(Doc. No. 24)** under advisement on **September 30, 2022**, and issue a **Report and Recommendation** to the District Court.

   10.   The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Joan N. Ericksen.

Date:  August 19, 2022

                                           *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                           United States Magistrate Judge